IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  05-10195-01-WEB |
| ) | |
| MATTHEW W. MANES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**<u>Memorandum and Order</u>**

This matter came before the court on the defendant's motion for downward departure. The court orally denied the motion at the sentencing hearing of September 18, 2006. This written memorandum will supplement the court's oral ruling.

Pursuant to a plea agreement, defendant Matthew W. Manes entered a plea of guilty to a one-count Superseding Information charging that he knowingly possessed matter containing visual depictions of minors engaged in sexually explicit conduct, which matter had been transported in interstate commerce, in violation of 18 U.S.C. § 2252(a)(4)(B). In his plea agreement, the defendant admitted that he had possessed 218 such images, that some of the images involved prepubescent minors or minors under the age of 12, and that some of the images portrayed sadistic or masochistic conduct as defined by the U.S. Sentencing Guidelines.

A Presentence Report was prepared by the United States Probation Office, which determined that the defendant's offense total level under the guidelines was 26 and his criminal history category was I, resulting in an advisory sentencing guideline range of 63-78 months imprisonment. No objections to the Presentence Report were filed, although, as noted above, the defendant filed a

motion for downward departure.[1] The defendant's motion cited various factors -- including that he is married with two children (ages 5 and 7); that he has no prior felonies; that he was sexually abused as a child; that the offense conduct occurred at a time when he had marital difficulties; that he has since turned his life around and is active in his church, family and community; and that his incarceration would have long-term implications for his family and children. Additionally, the defendant presented evidence at the sentencing hearing, including the testimony of witnesses and letters of support, which argued that a non-custodial or otherwise lenient sentence would be appropriate. The United States opposed the motion, arguing that the defendant's situation was not extraordinary and that a sentence within the guideline range best served the interests of uniformity and equity in sentencing.

Under 18 U.S.C. § 3553(a), the court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. In doing so, the court must consider a number of designated factors. *See* 18 U.S.C. § 3553(a).

After considering these factors and the circumstances of this case, the court concludes that a sentence at the low end of the advisory guideline range is appropriate. Although the court has

---

[1] As the court noted, the Plea Agreement in this case somewhat incongruously stated that the "parties ... agree to request a sentence within the guideline range determined to be appropriate by the U.S. Probation Department" and "the defendant will not request a sentence below the low end of the guideline range," but it also said the "defendant may request a downward departure but the United States reserves its right to oppose the motion." Doc. 18 at Pp. 2-3. The latter provision indicates the parties understood that the agreement would permit the defendant to file a motion for downward departure.

considered the factors cited by the defendant, those factors are outweighed in this instance by the need to impose a sentence reflecting the seriousness of the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to prevent unwarranted disparities among defendants with similar records who have been found guilty of similar conduct.

*Conclusion*.

Defendant's Motion for Downward Departure (Doc. 21) is DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this  19th  Day of September, 2006, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge